STATE of Maine DEPARTMENT OF HUMAN SERVICES

v.

Dale Allen TARVERS.

Supreme Judicial Court of Maine.

Argued June 5, 1989.

Decided July 25, 1989.

---

James E. Tierney, Atty. Gen., Raymond E. Ritchie (orally), Asst. Atty. Gen., Human Services Div., Augusta, for plaintiff.

Jack Comart (orally), Pine Tree Legal Assistance, Inc., Augusta, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

---

COLLINS, Justice.

■ Dale Allen Tarvers appeals from the order of the Superior Court (Somerset County, *Alexander, J.*) which acknowledged his indigency and yet denied him court appointed counsel in a paternity action. Specifically, Tarvers contends that the refusal of the Superior Court to appoint counsel resulted in a denial of his right to due process of law. U.S. Const. amend XIV. Because we find no constitutional right to counsel in a civil action to establish paternity, we affirm.

The facts which led to this appeal are undisputed. A default judgment was entered in District Court (Skowhegan, *Studstrup, J.*) against Tarvers on July 22, 1988, finding him the natural father of Stacy–Allen P., and ordering him to pay back support as well as $25.00 per week for the immediate future. On August 19, 1988, upon motion by Tarvers, the District Court (Skowhegan, *Benoit, J.*) set aside the default judgment. Tarvers then removed the case to the Superior Court, and moved for court appointed counsel, the denial of which prompts this appeal.

The right of an indigent litigant to court appointed counsel is established "only when, if [the litigant] loses, he may be deprived of his physical liberty." *Lassiter v. Department of Social Services*, 452 U.S. 18, 26–27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640 *reh'g. denied*, 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023 (1981). Cases which do not threaten the immediate loss of physical liberty, the *Lassiter* court concluded, may be reviewed on a case by case basis applying a balancing test. *Id.* 452 U.S. at 32, 101 S.Ct. at 2162.

The balancing test, first adopted in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) and applied in *Lassiter*, is comprised of three considerations. First the court must consider the private interests at stake. Second, the state's interest is also weighed. Finally, the court must look to the possibility of an erroneous deprivation of rights should the litigant be denied legal counsel. *Lassiter*, 452 U.S. at 27, 101 S.Ct. at 2159–60.

■ It is clear that Tarvers does not face immediate deprivation of liberty as a result of this action. Should a court determine that Tarvers is the natural father of the child in question and order support payment, it may, in its discretion, "employ any compulsory process which it deems proper by execution, attachment or other effectual form" to enforce its order. 19 M.R.S.A. § 272 (1981 & Supp.1988). Any coercive action taken under this provision, however, would require an assessment of ability to pay. *Wells v. State*, 474 A.2d 846, 852 (Me.1984). Only after such a determination would Tarvers, in refusing to comply with a court order for support, face a possible deprivation of liberty for contempt of court. The action to establish paternity, in and of itself, does not implicate a liberty interest. *Rivera v. Minnich*, 483 U.S. 574, 107 S.Ct. 3001, 3004, 97 L.Ed.2d 473 (1987).

Absent a possibility of immediate deprivation of liberty, this court applies the *Mathews* test. The private interest involved in a paternity case are usually those of the putative father, the mother, and the child. The interests of the mother and child, in establishing paternity, are, at the very least, financial. The financial support the biological father provides creates a shared responsibility, giving the child two people to whom to look for financial support. The putative father may wish to avoid financial responsibility, however, but he has a due process interest in correct determination of paternity. Evasion of this responsibility alone is not sufficient interest to require court appointed counsel.

The State has two important interests at stake in paternity actions. First, it wishes to correctly establish paternity. Towards that end, the statute provides blood tests (19 M.R.S.A. § 277 (1981 & Supp.1988)), examination of test results by experts (19 M.R.S.A. § 278 (1981 & Supp.1988)), and the compensation for these experts (19 M.R.S.A. § 279 (1981)). Its second interest is in establishing paternity without undue expense. In this case, however, the state has offered no compelling evidence of costs and, therefore, we do not consider the possibility of expense in reaching this decision.

The final consideration is the erroneous deprivation of the litigant's rights as a result of denying court appointed counsel. Under Maine law, blood tests, upon motion of either party, shall be available. The state absorbs the cost for these tests. The burden of proof, by a preponderance of the evidence, rests squarely with the plaintiff. No special circumstances are alleged here which lead us to believe that these safeguards are insufficient to protect the putative father's rights.

We believe that the current procedures, as applied in this case, are sufficient to protect the interests of the alleged father. Absent any threat of immediate deprivation of liberty, we find no due process violation.

The entry is:

Judgment affirmed.

All concurring.